# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PAUL OKITO-NGUWA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-388-R** |
| | ) | |
| **SCARLET GRANT et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Petitioner Paul Okito-Nguwa, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell referred the case to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). (ECF No. 3).

On March 7, 2026, Respondents filed a "Notice" informing the Court that "Petitioner departed on April 27, 2026, for the Democratic Republic of Congo," and, as a result, the Petition is now moot. (ECF No. 11). Indeed, an independent review of public record shows: (1) on January 6, 2026, an Immigration Judge granted Petitioner voluntary departure[2] and (2) Petitioner is no longer in ICE custody.[3]

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. 1101(a)(3)).

[2] *See* https://acis.eoir.justice.gov (last visited May 14, 2026).

[3] *See* https://locator.ice.gov (last visited May 14, 2026).

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

Here, Petitioner is no longer in ICE custody. *See supra*. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent release from ICE custody may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been removed from the country. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences ... adequate to meet Article III's injury-in-fact requirement.' " *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not any underlying removal order. *See* ECF No. 1. Courts have concluded that a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing

injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with petitioner).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g., Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding that an immigration detainee's "release [from immigration custody through deportation] has mooted his challenge to the legality of his detention"); *Souphanthong v. Bondi*, No. CIV-25-1220-D, ECF No. 16, (W.D. Okla. Dec. 1, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, ECF No. 20 (W.D. Okla. Dec. 16, 2025); *McLean v. Bondi*, No. CIV-25-1165-PRW, ECF No. 11 (W.D. Okla. Oct. 23, 2025) (same) (R&R), *adopted*, ECF No. 18 (W.D. Okla. Nov. 14, 2025); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, ECF No. 12 (W.D. Okla. Nov. 6, 2025) (recommending dismissal of habeas

petition as moot when petitioner's request for cancellation of removal was granted and he was released from ICE custody) (R&R), *adopted*, ECF No. 13 (W.D. Okla. Nov. 21, 2025).

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Petitioner's release from ICE custody renders his Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Petition, ECF No. 1, as moot. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 27, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on May 20, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE